# In the United States District Court for the Southern District of Georgia Brunswick Division

KATHRYN STILLWELL DRESSLER,

    Plaintiff,

    v.

JUDGE MARK A. HENDRIX, in
his individual capacity;
JUDGE CHARLES P. ROSE, JR.,
in his individual capacity;
PAULA K. HENDRIX, ESQ., in
her individual capacity,
Staff Attorney to Judge
Mark A. Hendrix; TIFFANY
BILLINGS, in her individual
capacity, Staff Attorney
for Atlantic Judicial
Circuit; PAUL GAWOR, and
JOHN/JANE DOES 1-20,

    Defendants.

2:26-CV-046

## ORDER

Before the Court is Plaintiff Kathryn Dressler's Motion for "Emergency Relief and Temporary Restraining Order."  Dkt. No. 4. Plaintiff, who is proceeding *pro se*, seeks a temporary restraining order ("TRO") against Georgia Judges Mark Hendrix and Charles Rose, Jr., their staff attorneys Paula Hendrix and Tiffany Billings, Plaintiff's minor child's father, Paul Gawor, and John/Jane Does 1-20 in order to "restor[e] lawful process, ensur[e] access to the

courts, and prevent[] further harm." Dkt. No. 1 at 6-7; Dkt. No. 4 at 2. For the reasons set forth below, Plaintiff's motion is **DENIED**.

### BACKGROUND

According to Plaintiff, "[t]his is a civil rights action arising from the unlawful seizure of [her] minor child on May 27, 2025 and the continued deprivation of custody." Dkt. No. 1 at 2. Plaintiff alleges that, on May 19, 2025, she filed an emergency petition in the Superior Court of McIntosh County, Georgia, "asserting emergency jurisdiction, domestic violence risk, and medical necessity." Id. at 3. Plaintiff alleges that, on May 22, 2025, Defendant Judge Rose dismissed the petition without conducting a hearing, making factual findings or performing a jurisdictional analysis. Id. On the same day, a Florida court issued an "Order to Pick Up Minor Child." Id. Then, on May 27, 2025, Plaintiff alleges her minor child was seized by law enforcement. Id. According to Plaintiff, the following day, May 28, 2025, Defendant Judge Hendrix "conducted a post-deprivation proceeding and enforced the seizure as a purported foreign custody judgment, without service, without meaningful opportunity to be heard, and without verifying the existence of any custody determination or jurisdictional basis." Id. Plaintiff alleges that, as a direct result of Defendants' actions, Plaintiff's minor child was transferred into the custody of an individual with a

2

documented history of domestic violence without any protective safeguards.  Id. at 32.  Plaintiff claims that she has been deprived of rights protected under the Uniform Child Custody Jurisdiction and Enforcement Act and the Parental Kidnapping Prevention Act, including the right to a proper jurisdictional determination, notice, and opportunity to contest enforcement, resulting in unlawful deprivation of custody.  Id. at 37.

Plaintiff initiated this civil rights action on May 5, 2025. Dkt. No. 1.  The same day, she filed the instant Motion for Emergency Relief and Temporary Restraining Order.  Dkt. No. 4. Plaintiff seeks "immediate injunctive relief ordering the return of [her] minor child" and "a Temporary Restraining Order and Preliminary Injunction prohibiting Defendants from enforcing any custody-related orders without jurisdiction."  Dkt. No. 1 at 62. The record reflects Defendants have not been served with process or otherwise appeared in this federal action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 65(a) states that a "court may issue a preliminary injunction *only on notice* to the adverse party."  Fed. R. Civ. P. 65(a) (emphasis added).  Further, Rule 65(b) states the Court may provide a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

3

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

## DISCUSSION

The Court does not reach the merits of Plaintiff's claims or request for relief because her motion is procedurally deficient for failure to comply with any of Rule 65's requirements. To the extent Plaintiff moves for a preliminary injunction, the motion fails at this time because Defendants have not yet been given notice of these proceedings. See Fed. R. Civ. P. 65(a). The Court therefore cannot grant Plaintiff this form of relief at this time.

Plaintiff's motion for a TRO also fails. First, Plaintiff's allegations that Defendants have "depriv[ed] [her] of due process," "deni[ed] [her] meaningful access to the courts," "interfere[d] with parental rights," failed to "follow established legal procedures," and terminated her Medicaid coverage "without proper process" are purely conclusory. See Dkt. No. 4 at 1. Moreover, Plaintiff fails to certify to the Court any efforts she made to provide notice of these proceedings to Defendants or any reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Notice requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken

4

before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39 (1974). Accordingly, Plaintiff has not shown that an *ex parte* TRO is warranted.

### CONCLUSION

For these reasons, Plaintiff's Motion for Emergency Relief and Temporary Restraining Order, dkt. no. 4, is **DENIED**.

**SO ORDERED** this ___6___ day of August, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5